### LUTHER BALLARD v. THE STATE.

No. 8029.    Decided January 9, 1924.

**1.—Burglary—Accomplice—Corroboration—Insufficiency of the Evidence.**

Where, upon trial of burglary, the State relied for conviction upon the testimony of an accomplice of which there was a lack of sufficient corroboration, the judgment must be reversed and the cause remanded.

**2.—Same—Argument of Counsel—Practice on Appeal.**

Complaint of the argument of the private prosecutor need not be considered, as this may not recur upon a new trial.

Appeal from the District Court of Jones.    Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham, for appellant.*—On question of insufficiency of corroboration Howard v. State, 242 S. W. Rep., 739; Smith v. State, 229 id., 523.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State, and *Stinson, Coombs & Brooks, for the State.*—Cited Webb v. State, 60 S. W. Rep., 961; Noftsinger v. State, 7 Texas Crim. App., 301; Chitister v. State, 33 Texas Crim. Rep., 635.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jones County of burglary, and his punishment fixed at two years in the penitentiary.

A place of business belonging to O. W. Baker in Sylvester, Fisher County, Texas, was burglarized on the night of the 9th of August, 1921. Among other things some automobile casings were taken. Mr. Baker had made a record of the numbers on the tags on the missing

casings. Some time after the burglary Mr. Baker testified to seeing in the possession of Judge Randel certain tags on which were numbers corresponding with those entered by him in his record as the numbers of some of his missing casings. He never saw the casings after same were taken.

The State relied for conviction upon the testimony of Mrs. Bates. She swore that she was the wife of Frank Bates, who was admitted to be dead at the time of this trial, also that on the morning of August 9, 1921, she and her husband lived in Hamlin in Jones County, Texas, and that appellant came to their place and asked her husband to go with him to Sylvester but because he did not feel well her husband declined to go, but told appellant, as he was about to leave, to keep his eyes open and appellant told him he intended to try to spot something. She further swore that appellant came back that afternoon and told her husband that he had found just what they were looking for at Sylvester and that he had spotted some casings over there; that appellant and her husband left between 7 and 8 o'clock that night and returned about 3 o'clock in the morning bringing seven automobile casings with them which they told her they got at Sylvester. The men took the tags off the casings and gave them to her and told her to burn. It was in the summer time and there was no way to burn them except in an oil stove and witness said that she hid the tags between the bedticks intending to burn them later. She testified that she knew the casings were stolen and that she helped her husband and appellant to conceal same. She put the tags between the mattresses because she did not want to go out in the yard and burn them that night; and because that was the handiest place; she put them there to hide them; she knew she had to do all she could to help them to conceal the stolen stuff; she was the wife of one of the men. On the 19th of August the house of Mrs. Bates burned but some one dragged the mattresses out to one side so that only a part of the top mattress was burned. At a later date the husband of Mrs. Bates was killed. His death seems to have occurred about the 20th of October. About the 30th of October Mrs. Bates accompanied by Mr. Canfield examined the mattresses and found between them the tags which she had put there. She sent them to the district attorney, Judge Randel, who put them in a box where they seem to have been kept until the time of this trial.

The appellant did not take the stand and testify. He introduced a hotel keeper from Wichita Falls who had with him two leaves from his hotel register showing that appellant had registered as a guest at said hotel on the 9th and also the 10th of August, 1921. This witness remembered a conversation with appellant while at his hotel as such guest. Other witnesses were introduced certifying to the handwriting of appellant on the hotel register, and further to the fact of seeing him in Wichita Falls either the 9th or 10th of August. There was testi-

mony on behalf of appellant that Mrs. Bates accused appellant of being instrumental in the death of her husband and that she had said she was going to convict him by her testimony even though she had to swear falsely to do so.

In rebuttal the State introduced a night-watchman who lived at Hamlin who said that he saw appellant in Hamlin on or about the 9th of August, 1921. This witness finally said that it was the 9th and that he thus located it because when he came to work on the night of the 10th he heard of the Sylvester robbery. He said he saw the defendant on the night of the 10th with Frank Bates in Burns' restaurant in Hamlin at about 12 o'clock. It was agreed by all parties that there was a passenger train from Wichita Falls about 2:10 P. M. which reached Stamford in Jones county about 7:15 P. M. and Anson about 8:20 P. M.

We have thus stated rather fully the testimony in order that our conclusion might appear supported, that this conviction must be reversed because of lack of testimony to corroborate that of the accomplice Mrs. Bates. The learned trial judge in his charge to the jury told them that Mrs. Bates was an accomplice and that they could not convict appellant unless there was other evidence in the case tending to connect the accused with the alleged burglary. This was a correct presentation of the law but we have been unable to find such corroborative evidence in the record. The production of the tags by Mrs. Bates from between the mattresses which were rescued from the burning of her home, could be held in no sense to point to the accused as the party guilty of the burglary. They would point toward her husband or herself or any other party with as much force as appellant. As we view the record the only possible claim of corroboration must rest upon the testimony of the nightwatchman. We have carefully gone over his testimony time and again. He says that he saw appellant in Hamlin on the afternoon of the 9th. If there was anyone with appellant witness does not so assert. He further testifies that on the night of August 10th he heard about the Sylvester robbery. There is nothing to indicate about when he heard same had taken place, but from all the evidence we are led to but one conclusion and that is that it took place on the night of the 9th. This night-watchman says that on the night of the 10th, apparently the night after the burglary, he saw Frank Bates and appellant in a restaurant about 12 o'clock. This in nowise corroborates the story of Mrs. Bates to the effect that her husband and appellant came to her house about 3 o'clock A. M. on the night of the 9th with the burglarized property. This is the only testimony in the case presenting a shadow of corroboration and we do not think it can be held sufficient.

Complaint is made of the argument of private prosecutor but as the case must be reversed for the error we have just discussed, the opinion will not be burdened with a discussion of the argument.

For the reason above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*